## In re RULES OF PRACTICE AND PROCEDURE.

### No. 03–08.

United States Court of Appeals for Veterans Claims.

March 19, 2008.

Before GREENE, Chief Judge, and KASOLD, HAGEL, MOORMAN, LANCE, DAVIS, and SCHOELEN, Judges.

### ORDER

WILLIAM P. GREENE, JR., Chief Judge:

Pursuant to the authority of 38 U.S.C. §§ 7263(b) and 7264(a) and consistent with 28 U.S.C. § 2071(b) and (e), the Court has revised certain of its Rules of Practice and Procedure (Rules). The Court has benefitted from comments and recommendations from its Rules Advisory Committee and from the public.

The revised, adopted rule on the Designation of the Record Before the Agency appears as a new Rule 10 and replaces former Rules 10 and 11. The adopted rule on the Record of Proceedings appears as a new Rule 28.1. Associated administrative changes have also been made throughout the Rules to replace the phrase "record on appeal" with the phrase "Record Before the Agency" or "Record of Proceedings," as appropriate.

Accordingly, it is

ORDERED that the attached revisions to Rules 10, 11, and 28, and the addition of Rule 28.1 to the Rules of Practice and Procedure are hereby published and shall apply to all appeals filed at the Court on or after April 1, 2008. It is further

ORDERED that the attached clerical and administrative revisions to Rules 3, 28, 31, 32, 33, 37, 45, 47, and 48 are also published and shall apply to all appeals filed at the Court on or after April 1, 2008.

**ATTACHMENT 'A' TO MISCELLANEOUS ORDER NO. 03–08**

### RULE 10. DESIGNATION OF THE RECORD BEFORE THE AGENCY

**(a) Record Before the Agency.** Not later than 60 days following the Notice of Docketing, the Secretary shall:

(1) copy all materials that were contained in the claims file on the date the Board issued the decision from which the appeal was taken;

(2) copy any other material from the Record before the Secretary and the Board relevant to the issues listed in the Board decision on appeal (Note: material postdating the Board decision on appeal generally will not be included in the Record Before the Agency);

(3) prepare a list of any record matter that cannot be duplicated;

(4) assemble and paginate the materials copied and the list specified in paragraph (3) of this subsection so that the first document is the decision of the Board from which the appeal was taken. The assembled document will be the Record Before the Agency;

(5) serve a copy of the Record Before the Agency on the appellant; and

(6) file a notice with the Clerk certifying that the Record Before the Agency has been served.

**(b) Disputes.** If any dispute arises as to the preparation or content of the Record Before the Agency, the Court, on motion of any party, will resolve the matter. Any motion must describe the good faith efforts that have been made to resolve the dispute

and must be filed within 14 days after the Record Before the Agency has been served.

**(c) Filing the Record Before the Agency.** Because the Record Before the Agency may include many documents not relevant to the issues decided by the Board that are on appeal, it will not be filed with the Court unless so ordered.

**(d) Access of Parties or Representatives to Original Record.**

(1) *Material Not Subject to a Protective Order.* After a Notice of Appeal has been filed, the Secretary shall permit a party or a representative of a party to inspect and to copy, subject to reasonable regulation by the Secretary, the original material in the Record Before the Agency.

(2) *Confidential Information.* On its own initiative or on a party's motion, the Court may take appropriate action to prevent disclosure of confidential information. See also Rule 48.

**(e) Contingency Planning.** See Rule 37.

## RULE 11. (RESERVED)

## RULE 28. BRIEFS

**(a)(2)** a table of authorities consisting of cases (alphabetically listed), statutes, other authorities cited, and pages of the Record Before the Agency, with references to the page of the brief where they are cited;

\* \* \* \* \* \* \* \*

**(a)(5)** an argument, beginning with a summary and containing the appellant's contentions with respect to the issues and the reasons for those contentions, with citations to the authorities and pages of the Record Before the Agency.

\* \* \* \* \* \* \* \*

**(c) Reply Brief.** The appellant may file a brief in reply to the Secretary's brief.

The reply brief shall contain a table of authorities that conforms to the requirements of subsection (a)(2).

## RULE 28.1. RECORD OF PROCEEDINGS

**(a) Purpose.** The purpose of this rule is to ensure that the Court has before it those documents required to decide the appeal.

**(b) Preparation of the Record of Proceedings.**

(1) *Preparation and Contents.* The Secretary shall prepare and file the Record of Proceedings. The Record of Proceedings must be compiled exclusively from the Record Before the Agency and shall contain:

(A) the Board decision(s) being appealed; and

(B) any document from the Record Before the Agency cited in a brief, included in its entirety; and,

(C) any other documents before the Secretary and the Board that are relevant to the issues decided by the Board that are on appeal to the Court.

(2) *Arrangement and Pagination.* The Record of Proceedings shall be arranged and paginated in the same order as the documents appeared in the Record Before the Agency. Because certain documents in the Record Before the Agency may not be included in the Record of Proceedings, this arrangement may result in pages not having consecutive numbers, e.g., page 22 may be followed immediately by page 43.

(3) *Time for Filing.* The Record of Proceedings shall be filed and served not later than 14 days after the reply brief is filed and served or if no reply brief is filed, not later than 14 days after the reply brief was due in accordance with Rule 31(a)(3).

See also Rule 47(b), as applicable (Expedited Proceedings).

(4) *Number of Copies.* The Secretary shall file an original and three copies of the Record of Proceedings with the Clerk and serve one copy on each party.

(5) *Cover.* The cover of the Record of Proceedings must be white and must contain the official caption of the appeal.

**(c) Disputes.** If any dispute arises as to the preparation or content of the Record of Proceedings, the Court, on its own initiative or on motion of any party, will resolve the matter. Any party's motion must be filed within 14 days after the Record of Proceedings has been served and must describe the good faith efforts that have been made to resolve the dispute.

**(d) Additional Record Material.** The Court may direct the appellant or the Secretary to file additional record material.

### ATTACHMENT 'B' TO MISCELLANEOUS ORDER NO. 03–08

The following changes are clerical and administrative updates reflecting use of the new terms "Record Before the Agency" and "Record of Proceedings," as appropriate. Added language is *underlined,* and deleted language is lined out. The new filing deadlines under Rules 31 and 37 are also included in this section.

### RULE 3. HOW TO APPEAL

**(h) Translations.** The Court conducts its reviews and deliberations in English. Any document transmitted to the Court (including one in the record on appeal) in a language other than English must be accompanied by an English translation that is certified by the translator, pursuant to 28 U.S.C. § 1746, as true and accurate.

### RULE 28. BRIEFS

**(a) Appellant's Brief.**

(4) a statement of the case, showing briefly the nature of the case, the course of proceedings, the result below, and the facts relevant to the issues, with appropriate *page* references to the record on appeal *Record Before the Agency;*

(5) an argument, beginning with a summary and containing the appellant's contentions with respect to the issues and the reasons for those contentions, with citations to the authorities and parts *pages* of the record on appeal relied on *Record Before the Agency;* and

\* \* \* \* \* \* \*

**(f) References to the Record *Before the Agency*.** References in the briefs to the record on appeal *Record Before the Agency* must be to the pages as transmitted by the Secretary, *as described in Rule 10(a). See also Rule 28.1(b)(2).* Commonly understood abbreviations may be used.

**(g) Reproduction of Materials.** If determination of the issues requires consideration of superseded statutes, rules, or regulations, or unpublished authorities, relevant parts must be reproduced in the brief or in an appendix. Documents in the record on appeal *Record Before the Agency* may not be reproduced in or attached to the brief.

### RULE 31. FILING AND SERVICE OF BRIEFS

**(a) Time Limits.** Except in cases covered by Rule 47 (Expedited Consideration)___

(1) the appellant must serve and file a brief not later than 60 days after the date of the Clerk's notice that the record has been filed *expiration of the 14–day period provided under Rule 10(b) for the parties*

*to notify the Court of any unresolved dispute regarding the Record Before the Agency. Briefing deadlines may be otherwise scheduled by the Court when the Court is required to resolve a dispute in connection with a motion under Rule 10(b);*

## RULE 32. FORM OF BRIEFS, APPENDICES, AND OTHER PAPERS

(d) **Binding.** All papers, ~~other than the record on appeal~~ *including any Record of Proceedings, that contain* 30 or fewer pages must be ~~attached only~~ *stapled* at the upper left-hand corner. ~~The record on appeal must be bound at the top.~~ *All papers, including any Record of Proceedings, that contain more than 30 pages must be bound on the left side in a manner that fully secures the pages, does not obscure the text, and allows the document to lie flat (for example, spiral binding).*

## RULE 33. STAFF CONFERENCE

(b) **Nondisclosure to Judges.** Statements made during a conference may not be disclosed to a judge of the Court as having been made during a conference unless the parties agree in writing to such disclosure. This subsection does not apply to a conference that has failed to resolve a dispute about the content of the ~~record on appeal~~ *Record Before the Agency or Record of Proceedings.*

## RULE 37. CONTINGENCY PLANNING

(a) **General.**

(1) *Represented Parties.* When the appellant or petitioner is represented, the representative must retain copies of the ~~record on appeal~~ *Record Before the Agency* and all papers filed with the Court by the parties or any intervenor or amicus curiae and of all actions issued by the Court.

(2) *Self–Represented Parties.* When the appellant or petitioner is self-represented, the Secretary must retain copies of the ~~record on appeal~~ *Record Before the Agency* and all papers filed with the Court by the parties or any intervenor or amicus curiae and of all actions issued by the Court. However, if retention of a copy of the ~~record on appeal~~ *Record Before the Agency* is not feasible, the Secretary must maintain the capability to reconstruct the ~~record on appeal~~ *Record Before the Agency* from the claims file and to certify the accuracy of the reconstructed ~~record on appeal~~ *Record Before the Agency.*

## RULE 45. DUTIES OF CLERK

(d) **Custody of Records and Papers.** The Clerk will have custody of the records and papers of the Court. The Clerk will not permit any original record or paper to be taken from the Clerk's custody except as authorized by the ~~United States~~ Supreme Court *of the United States,* the United States Court of Appeals for the Federal Circuit, or the Court. *Any* original papers transmitted as ~~the record on appeal~~ *part of the Record of Proceedings* will be returned upon disposition of the case. The Clerk will preserve copies of briefs and appendices and other printed papers filed.

## RULE 47. EXPEDITED PROCEEDINGS

(b) **Filing and Service of Papers.** Expedited proceedings will be scheduled as directed by the Court. Unless otherwise ordered, the appellant's principal brief must be served and filed not later than 25 days after ~~the date of the Clerk's notice that the record on appeal has been filed~~ *the Record Before the Agency has been served on the appellant;* the Secretary's brief must be served and filed not later

than 15 days after service of the appellant's brief; and any reply brief must be served and filed not later than 10 days after service of the Secretary's brief. *Unless otherwise ordered, the time to file the Record of Proceedings under Rule 28.1(b)(3) is reduced to 7 days.*

(Rule 47(d) has been eliminated.)

## RULE 48.  SEALING OF CASES

(a) **Cases Involving Protected Records.** If, during the time periods set out in Rule 10 or at any other time during a proceeding before the Court, the parties identify records protected by 38 U.S.C. § 7332 and at least one of the parties believes that disclosure of such records is required in such proceeding and, further, the parties cannot agree with respect to the disclosure of such records, the party requesting disclosure must make immediate application therefor, pursuant to 38 U.S.C. § 7332(b)(2)(D), caption the case "In re: Sealed Case No. [insert Court ~~case~~ *docket* number]" (not disclosing the identity of any individual), and serve on the protected person or successor in interest a copy of the application. Such application must include a statement specifying those steps taken by the parties to reach agreement before application was made to the Court. Upon receipt of such application, unless otherwise directed by the Court, the Clerk will enter the case as "withdrawn" on the docket, assign a new ~~case~~ *docket* number and recaption the case using an encoded identifier, and seal the ~~record on appeal~~ *Record of Proceedings* and the file of the Court. Thereafter, any party or representative of a party, unless otherwise ordered by the Court, must make reference in any subsequent filing only to the new ~~case~~ *docket* number and caption assigned by the Clerk.